Donald SNYDER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 82–1707.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1983.

Decided Sept. 23, 1983.

Robert G. Ulrich, U.S. Atty., Mark J. Zimmerman, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Glenn R. Gulick, Jr., Hershewe & Gulick, Joplin, Mo., for appellant.

Before BRIGHT and FAGG, Circuit Judges, and JONES,* District Judge.

JOHN B. JONES, District Judge.

Donald Snyder brought this action under the Federal Tort Claims Act, alleging negligent medical care by a Veterans Administration physician. The District Court, 537 F.Supp. 633, granted appellee's motion to dismiss after finding the action was barred by the statute of limitations. Since matters outside the pleadings were considered, we must treat the decision as a summary judgment. Rule 12(b). We reverse the dismissal and remand for further proceedings.

Snyder entered the Veterans Administration Hospital at Gainesville, Florida, in 1974 complaining of chest and arm pain. He was diagnosed as having lung cancer. In August, 1974, a pneumonectomy was performed. Snyder's left lung and part of his chest wall were removed. However, the chest pains continued even after several other procedures were performed to try to alleviate this pain.

Snyder alleges that in December, 1974, a V.A. neurosurgeon diagnosed the cause of his pain as an extensive brachial plexus tumor, and informed him he had only six months to live. The doctor recommended a cordotomy[1] to relieve him of pain during his remaining days. The doctor promised complete relief of pain with no side effects, according to Snyder. In December, 1974, the cordotomy was performed, but it failed to relieve Snyder's pain. In January, 1975, Snyder was informed that the neurosurgeon incorrectly diagnosed his illness as an extensive brachial plexus tumor, that he did not have cancer and that he was not going to die from cancer in six months.

Snyder continued visiting hospitals to seek relief from his ever increasing pain. In 1979, a doctor informed Snyder for the first time that the cause of his pain was the cordotomy. Snyder sought legal advice and filed a claim with the Veterans Administration in February, 1980. He commenced this action in district court in September, 1981, after the Veterans Administration failed to act on his administrative claim.

Plaintiff's original complaint makes two basic claims: (1) that the misdiagnosis of cancer made the cordotomy unnecessary, and (2) that the cordotomy is the cause of his present pain.

---

* The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

1. A cordotomy is a procedure whereby electrodes are inserted into the spinal column and nerves are selectively burned to prevent pain impulses from reaching the brain.

Summary judgment is justified only when, viewing the facts and inferences that may be derived therefrom in the light most favorable to the nonmoving party, the court is convinced that there is no evidence to sustain a recovery under any circumstances. *Buller v. Buechler,* 706 F.2d 844 (8th Cir.1983), citing *Westborough Mall, Inc. v. City of Cape Girardeau, Mo.,* 693 F.2d 733, 736–737 (8th Cir.1982). The burden thus is on the moving party to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* If the lack of a genuine issue of material fact is not clearly established, a motion for summary judgment on the basis of the statute of limitations should be denied. 6 Moore's Federal Practice § 56.17[58] (2d Ed.1982).

Also, summary judgment may be precluded because of factual disputes concerning the tolling of the statute of limitations. *See, e.g. Hanna v. United States Veterans Admin. Hosp.,* 514 F.2d 1092 (3d Cir.1975); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2729, pp. 208–09. The critical issue here is determining the time Snyder actually knew, or in the exercise of reasonable diligence should have known, the cause and existence of his injury. Issues of due diligence and constructive knowledge depend on inferences drawn from the facts of each particular case. These are similar to the type of inferences that must be drawn in determining intent and good faith. *Robertson v. Siedman & Siedman,* 609 F.2d 583 (2d Cir.1979). When conflicting inferences can be drawn from the facts, summary judgment is inappropriate. *Id.*

The Federal Tort Claims Act bars tort claims against the United States unless presented in writing to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). When the claim "accrues" is a matter of federal law. *Reilly v. United States,* 513 F.2d 147 (8th Cir.1975), citing *Portis v. United States,* 483 F.2d 670, 672 n. 4 (4th Cir.1973).

The general rule under the Act is that a tort claim accrues, for statute of limitations purposes, at the time of the plaintiff's injury. *See United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Medical malpractice cases are a recognized exception to this rule. In these cases a claim accrues when a plaintiff has discovered both his injury and its probable cause, even though he may be ignorant of his legal rights. *Id.*

We conclude that the District Court correctly ruled that Snyder's claim that the cordotomy was unnecessary because of the erroneous diagnosis of cancer was barred by the statute of limitations. He learned this in January, 1975.

Whether Snyder's claim that he suffers pain because of the cordotomy is barred presents a close question. He clearly knew shortly after the cordotomy that it was unsuccessful in stopping his pain. However, it doesn't follow as a matter of law that this constitutes notice of possible negligence. We believe that whether Snyder knew or should have known that the cordotomy itself was the cause of his pain is a contested question of fact which cannot be resolved by summary judgment on the present record.

We requested that Snyder submit to this court a proposed amended complaint setting forth his claims with greater particularity and precision. *See, e.g., City of Columbia v. Paul N. Howard Company,* 707 F.2d 338 (8th Cir.1983), citing *Holland v. Parker,* 469 F.2d 1013, 1015–16 (8th Cir.1972). With the help of the proposed amended complaint, we hoped to distinguish any surviving claims from those claims on which the statutory period had already run, as contained in the plaintiff's complaint as filed. (Of course, the power to act on the proposed amendments to the complaint rests with the district court.)

We conclude that the negligence claims set out in paragraphs 11(a), 11(c) and 11(d) of the proposed First Amended Complaint all relate to the necessity of the cordotomy, and are barred by the statute of limitations.

Proposed paragraph 11(b), however, presents a claim of permanent pain resulting from negligent performance of the cordotomy. Whether Snyder was remiss in failing to discover and raise this claim before he did is a question of fact not susceptible of summary judgment on the record before us. We therefore reverse so much of the summary judgment as dismissed the claim of permanent pain resulting from negligence in the performance of the cordotomy, and remand the case to the district court for further proceedings relating to that claim alone.