Mary Ellen RADMAN, Appellant,

v.

UNITED STATES of America, The Merit Systems Protection Board and Office of Personnel Management, Appellees.

No. 84–5121.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1984.

Decided Jan. 15, 1985.

Thomas E. Ticen, Thomas E. Ticen Law Office, Ltd., Minneapolis, Minn., for appellant.

incurred during the taxable year in carrying on any trade or business, including * * *

James M. Rosenbaum, U.S. Atty. by Jon M. Hopeman, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., Joseph A. Morris, Earl A. Sanders, Office of Personnel Management, Washington, D.C., for appellees.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

LAY, Chief Judge.

Mary Radman appeals the summary dismissal of her suit against the United States as time barred under 28 U.S.C. § 2401(b) (1982). We affirm the district court's dismissal.[1]

**Facts**

Radman was a full-time employee of the United States House of Representatives from 1959 to 1973. In 1974, plaintiff became ill and could work only part-time, reducing her salary from $12,000 to $2,600. After 1974 she retired and began to receive a disability retirement annuity. She returned to the House of Representatives as a part-time employee in 1977 and 1978, earning $6,170.86 in 1977 and $6,996.82 in 1978.

In 1980, the federal Office of Personnel Management (OPM) terminated Radman's disability annuity pursuant to 5 U.S.C. § 8337(d) (1982), finding that she had earned in 1977 and 1978 at least 80% of the current salary of the position from which she retired. Radman challenged her annuity termination and OPM affirmed its earlier decision. On administrative appeal, the Merit Systems Protection Board (MSPB) upheld OPM's termination of her annuity. She filed a petition for review of the MSPB decision in this court in *Radman v. Merit Systems Protection Board*, No. 81–1151 (8th Cir. February 9, 1981).

Before this court could rule on Radman's petition, the parties reached a settlement. OPM agreed to restore Radman retroactively and prospectively to the civil service annuity rolls with full backpay of the amount she would have received during the period in which she was terminated from the annuity program. The parties agreed that the settlement was a complete resolution of "all issues and all matters of disagreement between the parties raised by [the] petition for review and by the administrative action below." Radman further agreed that "this settlement constitutes no concession of the underlying issues raised by the petition * * *." Her petition for review was dismissed with prejudice on June 3, 1981. She received the last payment due under the settlement on August 24, 1981.

On August 10, 1983, Radman filed the present complaint against OPM with the district court, alleging a cause of action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* (1982) (FTCA). She claimed that OPM's termination of her annuity benefits violated her constitutional rights and required her to expend substantial amounts of time and money to obtain restoration of benefits. The district court held that her claim accrued on the date this court dismissed her previous appeal, thus barring her present suit as outside the two year limitation period set forth in 28 U.S.C. § 2401(b). Radman appealed.

**Discussion**

Compliance with the statute of limitations set forth in 28 U.S.C. § 2401(b) is a jurisdictional prerequisite to suit under the FTCA in federal court. *See, e.g., Wollman v. Gross*, 637 F.2d 544 (8th Cir.1980), *reh'g. en banc denied*, 646 F.2d 1306 (8th Cir. 1981), *cert. denied*, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981). Section 2401(b) provides that tort claims against the United States shall be barred unless "presented in writing to the appropriate Federal agency within two years after such claim accrues * * *." When a particular claim "accrues" within the meaning of the FTCA is a question of federal law which must be determined by the court in light of the surrounding circumstances. *See United States v. LePatourel*, 593 F.2d 827 (8th Cir.1979); *Hulver v. United States*, 562 F.2d 1132

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, presiding.

(8th Cir.1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1576, 55 L.Ed.2d 800, *reh'g denied,* 436 U.S. 923, 98 S.Ct. 2275, 56 L.Ed.2d 765 (1978); *Reilly v. United States,* 513 F.2d 147 (8th Cir.1975).

Radman contends that the district court erred in finding that her claim accrued on June 3, 1981, rather than on the date of the last settlement payment, August 24, 1981. Radman's obscure complaint is based on the termination of her benefits and the costs involved in obtaining settlement. It is clear she knew the facts supporting her alleged claim long before August 24, 1981. Even viewing her complaint in the light most favorable to her, the claim could not have accrued any later than June 3, 1981.

Radman further argues that the district court abused its discretion in summarily disposing of plaintiff's case when material issues of fact remained unresolved. The dates and terms of the stipulated settlement and complaint, however, were not contested. We cannot say the district court abused its discretion in dismissing plaintiff's complaint with prejudice.[2]

The district court is hereby affirmed.

---

**2.** Because we hold that plaintiff is barred by the applicable statute of limitations, we need not consider whether plaintiff is also barred by is- sue preclusion and failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a) (1982).