**Donald L. LEFTRIDGE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 84–1271–CV–W–9.

United States District Court, W.D. Missouri, W.D.

June 7, 1985.

Timothy L. Brake, Kansas City, Mo., for plaintiff.

Larry Coleman, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

Plaintiff's complaint asserts a claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, for injuries suffered during an explosion and fire at ADM Milling Company (ADM) on April 10, 1979. Plaintiff alleges that the explosion and fire were the result of hazardous and dangerous conditions which the Occupational Safety and Health Administration (OSHA) negligently failed to discover or report.

Defendant has filed a motion for summary judgment alleging that plaintiff did not file his claim within two years after April 10, 1979, as allegedly is required by 28 U.S.C. § 2401(b). Plaintiff responded by asserting that under the doctrine of blameless ignorance, his claim did not "accrue" until he learned on June 14, 1982, that defendant performed a negligent inspection.

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, it is the Court's obligation to view the facts in the light most favorable to the plaintiff and to allow plaintiff the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 728–28 (8th Cir.1979), *cert. denied* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979). However, summary judgment is an extreme remedy which should not be granted, unless defendant has established his right to judgment beyond controversy. *Ozark Milling Co., Inc. v. Allied Mills, Inc.*, 480 F.2d 1014, 1015 (8th Cir.1973); *Oskey Gasoline and Oil Co., Inc. v. Continental Oil Co.*, 534 F.2d 1281, 1285 n. 9 (8th Cir.1976).

Rule 56(e), Federal Rules of Civil Procedure, provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The relevant facts are not in dispute. In March and April, 1978, OSHA inspected the ADM facility and cited numerous safety violations which were contested by ADM. The contested safety violations were presented to the Occupational Safety and Health Review Commission in an action brought by the Department of Labor against the ADM Milling Company. On April 10, 1979, plaintiff was injured in an explosion and fire at the ADM plant in

North Kansas City, Missouri. News reports in the Kansas City Star on April 11, 1979, and the Kansas City Times on April 12, 1979, reported the explosion and fire. In addition, the news reports referred to the pending safety violations cited by OSHA in 1978. On September 28, 1979, ADM and the Department of Labor entered into a settlement agreement on the contested safety violations. On October 1, 1979, the settlement agreement was served on plaintiff's union representative. On October 18, 1979, the settlement agreement was approved by the Occupational Safety and Health Review Commission.

Pursuant to the Freedom of Information Act (FOIA), plaintiff requested on May 17, 1982, the investigation file pertaining to the 1978 OSHA citations for safety violations at ADM. The requested information was forwarded to plaintiff by letter dated June 14, 1982. No other FOIA request was ever filed by plaintiff. Plaintiff submitted his claim to the United States Department of Labor, the appropriate agency within the meaning of 28 U.S.C. § 2401(b), on May 22, 1984. Plaintiff initiated this lawsuit by filing his complaint on December 19, 1984.

■ The applicable statute of limitations provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). Compliance with this statute of limitations is a jurisdictional prerequisite to claims brought under the FTCA. *Radman v. United States*, 752 F.2d 343, 344 (8th Cir.1985).

Plaintiff's complaint was not filed within two years after April 10, 1979, the date of the explosion. Therefore, plaintiff's claim is barred by the statute of limitations in § 2401(b) unless plaintiff's claim did not

"accrue" until plaintiff received the OSHA investigation mailed on June 14, 1982.

"When a particular claim 'accrues' within the meaning of the FTCA is a question of federal law which must be determined by the court in light of the surrounding circumstances." *Radman*, 752 F.2d at 344. "The general rule under the Act is that a tort claim accrues, for statute of limitations purposes, at the time of plaintiff's injury." *Snyder v. United States*, 717 F.2d 1193, 1195 (8th Cir.1983).

■ The doctrine of blameless ignorance (also called the due diligence rule) is a recognized exception to this general accrual rule. This doctrine, which has been applied primarily in medical malpractice cases, provides that a cause of action accrues when the plaintiff knows or reasonably should have known of both the existence and the cause of his injury. *Snyder*, 717 F.2d at 1195; *Wollman v. Gross*, 637 F.2d 544 (8th Cir.1980), *reh. denied* 646 F.2d 1306 (8th Cir.1981), *cert. denied* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Hulver v. United States*, 562 F.2d 1132 (8th Cir.1977), *cert. denied*, 436 U.S. 923, 98 S.Ct. 2275, 56 L.Ed.2d 765 (1978).

The doctrine of blameless ignorance was enunciated in *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949).[1] The plaintiff in *Urie* contracted silicosis as a result of continuous inhalation of silica dust over a period of approximately thirty years. Based on the fact that plaintiff did not know he was ill and due to his "blameless ignorance" of the fact of his injury, the Supreme Court held that plaintiff's claim did not accrue until the disease manifested itself. *Urie*, 337 U.S. at 169–70, 69 S.Ct. at 1024–25.

Subsequently, the Supreme Court further defined the doctrine of blameless ignorance by holding that a medical malpractice

---

1. The claim in *Urie* was brought under the Federal Employers' Liability Act. The doctrine of blameless ignorance was subsequently applied to medical malpractice claims under the Federal Tort Claims Act. *Casias v. United States*, 532 F.2d 1339 (10th Cir.1976); *Reilly v. United States*, 513 F.2d 147 (8th Cir.1975); *Portis v.*

*United States*, 483 F.2d 670 (4th Cir.1973); *Tyminski v. United States*, 481 F.2d 257 (3rd Cir. 1973); *Toal v. United States*, 438 F.2d 222 (2nd Cir.1971); *Hungerford v. United States*, 307 F.2d 99 (9th Cir.1962); *Quinton v. United States*, 304 F.2d 234 (5th Cir.1962).

claim accrued when the claimant learned of the existence and cause of the injury, not when the claimant learned that the act inflicting the injury constituted malpractice. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask. If he does ask and if the defendant has failed to live up to minimum standards of medical proficiency, the odds are that a competent doctor will so inform the plaintiff.

*Kubrick*, 444 U.S. at 122, 100 S.Ct. at 359.

Relying on *Kubrick*, courts addressing the question of whether the doctrine of blameless ignorance should be extended beyond the medical malpractice area have done so only when plaintiff's injury does not manifest itself for some time after the allegedly negligent act or when the injury is known but facts about causation were concealed or inaccessible to the plaintiff. *See Dyniewicz v. United States*, 742 F.2d 484, 486–87 (9th Cir.1984); *Diminnie v. United States*, 728 F.2d 301, 304–06 (6th Cir.1984), *cert. denied* — U.S. ——, 105 S.Ct. 146, 83 L.Ed.2d 85 (1984) (plaintiff must show fraudulent concealment of the critical facts before accrual will be postponed); *Barrett v. United States*, 689 F.2d 324 (2nd Cir.1982), *cert. denied sub nom. Cattell v. Barrett*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983) (intentional concealment of defendant's responsibility warrants application of diligence discovery rule); *Stoleson v. United States*, 629 F.2d

1265, 1268–69, (7th Cir.1980), *appeal after remand* 708 F.2d 1217 (7th Cir.1983) (doctrine of blameless ignorance extended to any plaintiff whose injury is not readily apparent); *Liuzzo v. United States*, 485 F.Supp. 1274 (E.D.Mich.1980) (misrepresentations and concealment justifiably led plaintiffs to believe that those responsible for their parents' death had been punished); *Peck v. United States*, 470 F.Supp. 1003 (S.D.N.Y.1979) (due diligence rule extended to non-medical malpractice case only if defendant has concealed its acts or plaintiff's injury was inherently unknowable at time of injury).

In *Wollman v. Gross*, 637 F.2d at 547, an automobile collison case, plaintiff argued that the accrual date for his personal injury claim should not be the date of the accident but instead the date he discovered facts which put him on notice that the defendant may have been a federal employee acting within the scope of his employment.

The Court declined to address the question whether the doctrine of blameless ignorance extends beyond the malpractice area. *Id.* at 549. Nevertheless, the Court analyzed whether the plaintiff came within the doctrine as enunciated in *Kubrick*.

> *Kubrick* prohibits the postponement of the accrual date in the instant action. Wollman was aware at the time of the accident that Gross was employed by the ASCS. He was unaware only of the legal significance of this fact. The purpose of the statute of limitations is to require the reasonably diligent presentation of tort claims. This may require a plaintiff to obtain appropriate legal counsel and together with counsel discover the facts and their possible legal ramifications so as to enable plaintiff to bring the suit within a reasonable time. As stated by the Court in *Kubrick*,
>
> > A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of

his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

*Id.* 444 U.S. at 123, 100 S.Ct. at 360. *Wollman,* 637 F.2d at 549.

The Court concluded that Wollman had failed to demonstrate that he was entitled to the benefit of an exception to the operation of the statute of limitations because "Wollman has not alleged, nor has a careful examination of the record revealed, activities of the defendant or the United States which would lull the plaintiff into a false sense of security." *Id.*

 Applying the principles enunciated in *Kubrick* and *Wollman,* plaintiff's claim accrued on the date of his injury, unless plaintiff establishes that his injury was not known within the two years provided in § 2401(b) or that the United States concealed facts regarding the OSHA investigation. Plaintiff bears the burden of showing that his claim comes within the blameless ignorance doctrine. *Wollman,* 637 F.2d at 549.

There is no dispute that plaintiff's injury was known on April 10, 1979, the date of the explosion and fire at the ADM plant. Furthermore, plaintiff has not presented any facts from which this Court could reasonably infer that the United States concealed information relating to the OSHA investigation.

Plaintiff's claim is barred by the statute of limitations because it accrued the date plaintiff was injured—April 10, 1979—and this case was not filed within two years.

Even if the blameless ignorance doctrine were applied, this suit was not filed timely. As in *Kubrick,* plaintiff here learned that he had been injured on the date of the explosion. The OSHA investigation was a matter of public knowledge having been reported in Kansas City newspapers on April 11, 1979, and April 12, 1979. Accrual of plaintiff's claim does not await awareness that possibly the OSHA investigation was negligently done. *Kubrick,* 444 U.S.

at 123, 100 S.Ct. at 360; *Wollman,* 637 F.2d at 549. Plaintiff, armed with the facts about the harm done to him, can protect himself by seeking legal advice. "To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute which is to require the reasonably diligent presentation of tort claims against the Government." *Kubrick,* 444 U.S. at 123, 100 S.Ct. at 360.

For the reasons stated above, plaintiff's claim is barred by the statute of limitations set forth in 28 U.S.C. § 2401(b). Therefore, it is hereby ORDERED that summary judgment is granted in favor of defendant and against plaintiff.