[No. 1718-2. Division Two. July 23, 1976.]

WAYNE SHERBECK, *Appellant*, v. ESTATE OF RALPH W. LYMAN, ET AL, *Respondents*.

*Bifford S. Crane,* for appellant.

*Bruce Durocher* and *Frank W. Payne* (of *Payne & Verzani*), for respondents.

PETRIE, C.J.—This is an action for damages and partial rescission upon the ground of fraud in the sale of real estate. Defendants denied the material allegations of the complaint and set up the affirmative defense of the statute of limitations. The trial court dismissed the complaint against defendant Lyman on the basis of the running of the statute of limitations and dismissed the complaint against defendant Kolsters due to lack of sufficient evidence of fraud. Plaintiff appeals. We affirm.

The facts necessary to our decision may be summarized as follows:

In January 1963, the plaintiff's sister, Mrs. June Fortune, acting in her capacity as trustee of her nephew's estate, listed a portion thereof with Ralph Lyman, d/b/a Moore Realty, at an asking price of $5,000. Mrs. Fortune had been introduced to the broker, Lyman, by one of his salesmen, John Kolsters. The property was subsequently sold through Lyman's efforts to Gerald F. Abbott by real estate contract dated January 25, 1963, for $5,000. On the same date, Abbott executed a deed and purchaser's assignment of contract to Lyman. All subsequent payments were made by Lyman, but the "payee advice" forms sent to Mrs. Fortune by the bank handling the contract collection account indicated that the Abbotts were payors.

Kolsters learned of Lyman's interest in the property a few weeks after the original sale. He purchased one-half of

the property from Lyman for $2,500 by means of a real estate contract dated March 4, 1963. Kolsters held the property until November 21, 1967, when he conveyed his interest to a third party who has not been joined in this action.

On August 11, 1966, Mrs. Fortune transferred her collection account and in the process signed a receipt for documents presumably surrendered by the bank to her, which included the purchaser's assignment given by Abbott to Lyman. One week later she set up a new collection account at a bank closer to her home. At that time she signed a document entitled "Collection Instructions and Receipts" dated August 26, 1966. This form listed on its face the Fortune to Abbott contract and deed of January 25, 1963. It also listed the deed and purchaser's assignment from Abbott to Lyman bearing the January 25, 1963, date. Thereafter, Mrs. Fortune was notifed monthly of each payment received by the bank in the form of a receipt which named Ralph W. and Jannie Lyman as payors. Payments were made according to schedule, and in late 1969 the deed was delivered out of escrow to Lyman and promptly recorded.

Mrs. Fortune was succeeded as trustee by her brother, Wayne Sherbeck, who commenced the present action on November 27, 1972—nearly 10 years after the Fortune to Abbott to Lyman transaction.

The trial court concluded that plaintiff's cause of action against Lyman was barred by the running of the 3-year statute of limitations. We will assume, without deciding, that Lyman breached his fiduciary duty of undivided loyalty by acquiring his principal's property without full disclosure and thereby committed fraud in law. *See Mersky v. Multiple Listing Bureau of Olympia, Inc.*, 73 Wn.2d 225, 437 P.2d 897 (1968); *Meerdink v. Krieger*, 15 Wn. App. 540, 550 P.2d 42 (1976).

By the express terms of RCW 4.16.080(4), a cause of action for fraud does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud." Actual knowledge of the fraud will be inferred if the aggrieved party, by the exercise of due diligence, could

have discovered it. *Sanders v. Sheets*, 142 Wash. 155, 252 P. 531 (1927). The question of when an aggrieved party discovered or could have discovered such facts is one of fact.

Plaintiff urges that this determination should have been made in light of "Mrs. Fortune's fiduciary relationship with [defendants] coupled with her lack of education, business and real estate experience." Certainly these are circumstances to be taken into consideration, *see Arneman v. Arneman*, 43 Wn.2d 787, 264 P.2d 256, 45 A.L.R.2d 370 (1953), but the underlying rule of law does not differ. One who acts in a "fiduciary" capacity and holds property in constructive trust, may invoke the bar of the statute of limitations when his principal has notice of "facts constituting the fraud" and thereafter fails to commence suit within the prescribed statutory period. *Viewcrest Cooperative Ass'n v. Deer*, 70 Wn.2d 290, 422 P.2d 832 (1967); *Peste v. Peste*, 1 Wn. App. 19, 459 P.2d 70 (1969).

■ The trial court, after hearing the considerable evidence of Mrs. Fortune's business naivete, entered the following finding of fact: "June Sherbeck Fortune had actual and constructive notice of Lyman's interest in the property at least by August of 1966." The trial court must have been persuaded that the collection receipt signed by Mrs. Fortune on August 26, 1966, together with receipt of the monthly receipt forms thereafter, contained all the facts necessary to place the signatory on notice of Lyman's interest in the property. When findings of fact are supported by substantial evidence, they will not be disturbed on appeal. *Sylvester v. Imhoff*, 81 Wn.2d 637, 503 P.2d 734 (1972).

■ ■ We turn then to consideration of whether this finding supports the trial court's conclusion that the present action was not timely instituted. Mere knowledge of Lyman's interest in the property would not have sufficed to put Mrs. Fortune on notice of the fraudulent manner in which that interest was acquired. Without knowledge of the manner and in this case the date of acquisition, Mrs. Fortune would not have had the duty to diligently pursue the matter further. *See Ackerson v. Elliott*, 97 Wash. 31, 165 P. 899

(1917). The court did not make a specific finding on that issue, but the burden was upon the plaintiff to show that "the facts constituting the fraud" were *not* discovered by Mrs. Fortune until within 3 years prior to the commencement of this action. *Reeves v. John Davis & Co.*, 164 Wash. 287, 2 P.2d 732 (1931); *Conaway v. Co-Operative Homebuilders*, 65 Wash. 39, 117 P. 716 (1911). In the absence of an express finding upon a material fact, it is deemed to have been found against the party having the burden of proof. *McCutcheon v. Brownfield*, 2 Wn. App. 348, 467 P.2d 868 (1970).

Thus, the findings are a sufficient basis for applying the 3-year statute of limitations as a bar to plaintiff's suit against Lyman.

■ The conclusion we have reached regarding discovery of Lyman's fraud must be applied with equal force to Kolsters. We cannot say as a matter of law that had Mrs. Fortune followed up the knowledge she had in August 1966, she would not have discovered Kolsters' interest also.

Notice sufficient to excite attention and put a person on guard or to call for an inquiry is notice of everything to which such inquiry might lead.

*Corliss v. Hartge*, 180 Wash. 685, 689, 42 P.2d 44 (1935).

Because Mrs. Fortune had constructive knowledge of the evidential facts necessary to the establishment of fraud more than 3 years prior to commencement of the present suit, the trial court was correct in dismissing the action.

Judgment is affirmed.

PEARSON and REED, JJ., concur.