877 F.2d 64
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 John Elder MOFFAT, Plaintiff-Appellant,
v.
William F. GARBARINO, Superior Court Judge, County of
Coconino, Division 1, Defendant-Appellee.
 No. 87-15158.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1989.*
Decided June 14, 1989.
 Charles L. Hardy, District Judge, Presiding.
 Before TANG, CANBY and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 John Elder Moffat appeals from the judgment dismissing his civil rights action against the Honorable William F. Garbarino, a Superior Court Judge in Coconino County, Arizona. We affirm.
 
 BACKGROUND
 
 3
 Moffat filed a pro se complaint which in addition to jurisdiction[1] and venue alleged that:
 
 
 4
 [t]he defendant is a state of Arizona judiciary who performs said office in concert with and for the benefit of racketeers influenced and corrupt organizations and is liable for treble damages.
 
 
 5
 Moffat claims that Judge Garbarino issued a fraudulent bench warrant for Moffat's arrest and committed Moffat to a psychiatric treatment facility after being served with Moffat's complaint "in order to unlawfully deprive the plaintiff of his freedom and in order to prevent the plaintiff from pursuing this matter to its conclusion."[2]
 
 
 6
 Judge Garbarino moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on the grounds that he enjoys absolute immunity from liability for civil rights violations while acting in his official capacity. In his response to the motion to dismiss Moffat stated that the " '[r]acketeering' charges stem from attempted murders interference with a federal witness, bartering of judicial decision for the convenience of racketeers and conspiracy in the murder of federal witness Nelo Rhoton." The district court granted in a minute order Garbarino's motion to dismiss for failure to state a claim. Moffat appealed.
 
 DISCUSSION
 
 7
 We review the Rule 12(b)(6) dismissal in favor of Judge Garbarino de novo. Cadillac Fairview/California, Inc. v. Dow Chemical Co., 840 F.2d 691, 693 (9th Cir.1988). Judge Garbarino is immune from suit if:
 
 
 8
 at the time he took the challenged action he had jurisdiction over the subject matter before him.... [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."
 
 
 9
 Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) quoted in New Alaska Development Corp. v. Guetscher, Nos. 87-3786, 87-3787, slip op. at 1988 (9th Cir. Mar. 9, 1989). The following factors are relevant to determining whether a particular act is judicial in nature:
 
 
 10
 [whether] (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.
 
 
 11
 Ashelman v. Pope, 793 F.2d 1072, 1075-76 (9th Cir.1986) (en banc). Absolute judicial immunity protects a judge functioning in a judicial capacity. Forrester v. White, 108 S.Ct. 538, 544 (1988).
 
 
 12
 The record is devoid of any allegations of Judge Garbarino harming Moffat except through official action. Dismissal of the complaint for failure to state a claim is therefore
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint states:
 The district court has jurisdiction under 28 U.S.C. [Sec.] 1343, 42 U.S.C. [Sec.] 1983, 42 U.S.C. [Sec.] 1985, 42 U.S.C. [Sec.] 1986, and 42 U.S.C. [Sec.] 1988.
 
 
 [2]
 The Maricopa County Attorney filed a "Response to Petition for a Writ of Habeas Corpus" with the Superior Court of Arizona, Maricopa County, which relates that Moffat was detained pursuant to a warrant that according to Moffat's counsel issued when Moffat failed to report to the State Mental Hospital in Phoenix for a psychological examination as ordered by Judge Garbarino. Evidently, Moffat appeared before Judge Garbarino on a marijuana charge
 Moffat's state petition for writ of habeas corpus asserted among other things that neither he "nor my reporting offices (Special Agent in Charge HERBERT HAWKINS, Federal Bureau of Investigation) in care of whom my legal address-of-record were informed (intentionally by Judge Garbarino) of the proceedings until after they had been completed."