996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EVERGREEN COMMUNITY DEVELOPMENT ASSOCIATION; Small Business
Administration, Plaintiffs-Appellees,
v.
COLUMBIA ASSOCIATES; Richard W. Pierson; Stephen P. Ryder;
Wendee Ryder; Melville Monheimer, Jr.; Donna R.
Monheimer, et al., Defendants-Appellants.
In re COLUMBIA ASSOCIATES, Debtor.
EVERGREEN COMMUNITY DEVELOPMENT ASSOCIATION, Plaintiff,
v.
U.S. BANK OF WASHINGTON, NATIONAL ASSOCIATION,
Third-party-defendant-Appellee,
v.
Richard W. PIERSON; Stephen P. Ryder; Wendee Ryder;
Melville Monheimer, Jr.; Donna R. Monheimer; Gerald M.
Ormiston; Marista A. Ormiston; Dale L. Kingman; Michelle
E. Kingman; Columbia Associates,
Defendants-third-party-plaintiffs-Appellants.
 Nos. 91-36038, 92-35038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Decided June 17, 1993.
 
 Before: WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Columbia Associates, a partnership of five attorneys and four of their spouses, appeals the district court's grant of summary judgment in favor of Evergreen Community Development Association in its action to collect overdue loan payments. Columbia also appeals the court's dismissal of its third-party complaint against U.S. Bank as time-barred. We affirm and award Evergreen and U.S. Bank attorneys' fees on appeal.
 
 
 3
 * This case revolves around a prepayment provision in the promissory note that Columbia executed to obtain a loan from Evergreen. The Small Business Administration guaranteed the loan. The Federal Financing Bank purchased the debenture that funded the loan. Old National Bank and its mortgage company, the predecessors in interest to U.S. Bank of Washington and U.S. Bancorp Mortgage Company, had referred Columbia to the SBA loan program.
 
 
 4
 When Columbia sought to prepay the loan, it disputed the prepayment penalty and stopped making payments on the loan. Evergreen sued to collect. Columbia brought a third-party complaint against U.S. Bank and the other lenders alleging that they had misled Columbia concerning the prepayment penalty. The district court granted summary judgment against Columbia on the collection action and dismissed its third party claims as time-barred.
 
 II
 A. Collection Action
 
 5
 We review de novo a grant of summary judgment. Jones v. Union Pac. R. R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 6
 1. Issues Raised for the First Time on Appeal
 
 
 7
 Generally, we will not address an issue raised for the first time on appeal. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992); Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990). This waiver rule promotes fairness and judicial efficiency. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). We recognize three narrow exceptions to the rule: (1) exceptional circumstances require review to prevent a manifest miscarriage of justice, (2) a new issue arises while the appeal is pending because of a change in the law or (3) the issue is purely legal and the record is fully developed. Reyes-Alvarado, 963 F.2d at 1189.
 
 
 8
 Columbia raises two issues for the first time on appeal: (1) that the FFB did not obtain the SBA's prior written approval to charge a prepayment penalty as required by SBA regulations in effect at the time the note was executed and (2) the prepayment provision is ambiguous and must be construed against the drafter, Evergreen.[1] It argues that the issues are purely legal and the record is fully developed. We disagree. The record is not fully developed. We decline to address these issues.
 
 2. Unenforceable Penalty
 
 9
 Columbia contends that the prepayment provision is a liquidated damages clause that, in this case, operates as an unenforceable penalty unreasonably favoring the lender. Its first assertion, that the inclusion of servicing fees in the prepayment formula is unreasonable, is based on a misinterpretation of the prepayment formula. The formula does not include servicing fees. Its second argument, that the prepayment provision's failure to provide a method to discount a borrower's obligation is unconscionable, is directly contrary to what it argued in the district court. Nevertheless, SBA procedures do provide for a discount. Columbia's final assertion, that the formula is unnecessary because actual loss is easily determined, is premised on its faulty assumptions about service fees and discounts. This argument fails as well.
 
 
 10
 The district court held that the prepayment provision is not an unreasonable liquidated damages clause because the fee assessed represents the actual cost to the lender of prepayment. The court concluded correctly that the prepayment policy was revenue neutral to the government and therefore not unreasonable. We see nothing unfair in a prepayment restriction such as at issue here. It serves legitimate business purposes and functions in much the same manner as fixed interest rate provisions and other terms that define the economic bargain struck between borrower and lender.[2]
 
 
 11
 3. Comparison With § 504 Prepayment Provisions
 
 
 12
 Next, Columbia argues that Congress' creation in 1986 of the § 504 program, which uses a declining fixed prepayment fee and a higher initial interest rate, demonstrates that § 503's prepayment provision is unreasonable. It cites no legal authority for this proposition.
 
 
 13
 The § 504 program resulted from Congress' attempts to reduce the federal budget deficit by selling debentures to private investors instead of the FFB. H.R.Rep. No. 300, 99th Cong., 2d Sess. 754, reprinted in 1986 U.S.S.C.A.N. 756, 1238. During her deposition, SBA official LeAnn Oliver said that SBA's underwriters targeted the program to attract a certain type of investor: large institutional investors familiar with corporate securities. She explained that the SBA adopted the declining fixed prepayment fee because it was the type most familiar to corporate securities customers. She also said that the § 503 provision was not hard to understand, just subject to the vagaries of the market.
 
 
 14
 We agree with the district court that "[w]hile the 504 program may better suit Columbia, it is hardly grounds for declaring the 503 prepayment scheme invalid."
 
 4. Evergreen Attorney's Fees
 
 15
 Evergreen seeks attorney's fees under the note and loan agreement. Columbia does not challenge this request. We hold that under both the note and the loan agreement, Evergreen is entitled to attorney's fees for this appeal.
 
 B. Third Party Complaint
 
 16
 1. Timeliness of Columbia's Third-Party Claims
 
 
 17
 On summary judgment, the court dismissed all Columbia's third-party claims as time-barred by the applicable statutes of limitation. We review de novo a grant of summary judgment. Jones, 968 F.2d at 940. The interpretation of a state law question also is reviewed de novo. State Farm Fire & Casualty Co. v. Estate of Jenner, 874 F.2d 604, 606 (9th Cir.1989).
 
 
 18
 The third-party complaint asserted that U.S. Bank misrepresented the Evergreen/SBA loan's prepayment clause and that Evergreen and the SBA should have informed Columbia about the penalty terms. Columbia alleged state law actions for fraud, negligent misrepresentation, breach of fiduciary duty, violation of the Washington Consumer Protection Act and the Washington Securities Act. It also alleged violation of the federal Securities Act of 1933 and the Securities Exchange Act of 1934.
 
 
 19
 Yet in its opening brief in this appeal, Columbia discusses only negligent misrepresentation and, tangentially, fraud. We hold that Columbia waived appeal of all the other claims.[3]
 
 
 20
 The parties disagree which Washington statute of limitations applies. U.S. Bank argues that only the "catch-all," general injury statute, RCW § 4.16.080(2), covers this action whereas Columbia frames its argument mostly in terms of the statute for actions based "upon the ground of fraud", RCW § 4.16.080(4). Both statutes set three-year limitation periods, although each requires a slightly different doctrinal analysis.
 
 
 21
 Clearly, the fraud statute governs Columbia's fraud claim. The same provision also applies to Columbia's negligent misrepresentation claim. Even if the "gist" of a complaint is negligence, not fraud or deceit, an action based on misrepresentations is an action for fraud in the context of statutes of limitations. See Western Lumber, Inc. v. City of Aberdeen, 518 P.2d 745, 746-47 (Wash.Ct.App. 1973).[4]
 
 
 22
 A cause of action for fraud does not accrue until the aggrieved party discovers the facts constituting fraud. Continental Ins. Co. v. Pierce County Wash., 690 F.Supp. 930, 939 (W.D.Wash.1987) (applying Washington law), aff'd, 877 F.2d 64 (9th Cir.1989). Actual notice of fraud will be inferred if the injured party could have discovered it by exercising "due diligence." Id.
 
 
 23
 Columbia did not file suit until more than three years after signing the Evergreen/SBA loan. It argues that U.S. Bank's misrepresentations and the ambiguity of the prepayment provision prevented it from learning about the penalty terms until it attempted to prepay the loan.
 
 
 24
 As the district court observed, the loan agreement stated the penalty provisions. "Columbia should have apprised itself of the contents of this agreement and inquired into the terms that were unclear or inconsistent with its expectations."
 
 
 25
 Had Columbia made such inquiries, it would have learned about the impact of the penalty provision and the other parties' alleged misrepresentations. "Notice sufficient to excite attention and put a person on guard or to call for an inquiry is notice of everything to which such inquiry shall lead." Continental Ins. Co., 690 F.Supp. at 939 (quoting Corliss v. Hartge, 42 P.2d 44, 46 (Wash.1935)). Columbia could have discovered, with due diligence, the facts constituting the fraud more than three years before it filed its action.
 
 
 26
 It contends that analysis of due diligence raises issues of fact that should not be decided on summary judgment. Yet summary judgment on this issue is appropriate where "reasonable minds can reach but one conclusion." Allen v. State, 826 P.2d 200, 204 (Wash.1992).
 
 2. U.S. Bank's Attorney's Fees
 
 27
 U.S. Bank seeks attorney's fees on appeal based on a provision in its deed of trust with Columbia. The provision states that after the grantor (Columbia) fails to make a payment on the loan instrument, the beneficiary (U.S. Bank) may participate in any action affecting the security or "the rights or powers of Beneficiary" and that Columbia will pay costs including attorney's fees.
 
 
 28
 The district court relied correctly upon this provision and held Columbia liable for U.S. Bank's attorney's fees in "defending actions related to the deed of trust." The third-party action sought to enjoin U.S. Bank from foreclosing or seeking to sell the property, compromising its security interest in the deed of trust. U.S. Bank is entitled to continue its defense on appeal. We award it attorney's fees.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Columbia maintains that this issue has been in the case from the beginning. It did claim in its Second Amended Answer, Counterclaim and Third-Party Complaint that Evergreen/SBA's interpretation of the note was unreasonable and that the formula the SBA used to calculate prepayment fees was unintelligible. However, Columbia did not argue that the prepayment provision was ambiguous in its opposition to Evergreen/SBA's motion for summary judgment. Therefore, it did not raise this issue below. See Smiley v. Director, Office of Workers Compensation Programs, 984 F.2d 278, 281 (9th Cir.1993) (to properly raise issue below, argument must be sufficient for the trial court to rule on it)
 
 
 [2]
 As Judge Kozinski said in a similar context
 In an economy where interest rates fluctuate, it is all but certain that one side or the other will be dissatisfied with a long-term loan at some time. Mutuality calls for enforcing the contract as written no matter whose ox is being gored.
 Trident Center v. Connecticut Gen. Life Ins. Co., 847 F.2d 564, 568 n. 4 (9th Cir.1988). Of all persons, Columbia's partners, who represent themselves as experts in real estate law and commercial and complex litigation, should know this.
 
 
 [3]
 We will not ordinarily consider matters on appeal that are not "specifically and distinctly argued" in appellant's opening brief. United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992). Columbia effectively abandoned the other claims by making only passing reference to them in the opening brief, without any legal analysis or discussion. See Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir.), cert. denied, 112 S.Ct. 617 (1991). Columbia does not fall within an exception to the waiver rule; it has not demonstrated good cause or that manifest injustice will result. Also, U.S. Bank may suffer prejudice because it did not have the opportunity to brief this court about the other applicable statutes of limitations. See Ullah, 976 F.2d at 514 (discussing exceptions to waiver rule)
 
 
 [4]
 In any event, analysis under the "catch-all" statute is substantially similar on these facts. Washington courts "continue[ ] to emphasize the exercise of due diligence by the injured party" in deciding whether to toll the statute of limitations. In re Estates of Hibbard, 826 P.2d 690, 695 (Wash.1992). Because we hold that Columbia failed to exercise due diligence, we would reach the same result if we applied the "catch-all" statute