[No. 12288-3-III.   Division Three.   December 28, 1993.]

FIRST MARYLAND LEASECORP, *Plaintiff,* v. TED ROTHSTEIN, ET AL, *Respondents,* J. MICHAEL JONES, *Petitioner.*

*Philip E. Cutler, Philip A. Talmadge,* and *Talmadge & Cutler, P.S.,* for petitioner.

*Timothy C. Farris, Rand Jack,* and *Brett & Daugert,* for respondents.

THOMPSON, C.J. — J. Michael Jones seeks discretionary review of a King County Superior Court decision denying his motion to dismiss the third party claims of Ted and Jane Doe Rothstein. Rothsteins alleged fraudulent and negligent misrepresentations and Washington securities act violations by Mr. Jones in connection with his sale of a partnership interest. The Superior Court concluded that Rothsteins' fraud and

securities act claims were not barred by the applicable stat-
utes of limitation. We remand for further proceedings in
accordance with this opinion as to the fraud and negligent
misrepresentation claims. We reverse the trial court's refusal
to dismiss the securities act claims.

In 1979, Rothsteins invested $25,000 in a venture to con-
struct a ship to service oil wells off the coast of Louisiana.
The venture was to be carried out by a to-be-formed partner-
ship called the Tahitian Command Partnership (the partner-
ship). Although originally designed to be a general partner-
ship of individuals, it was changed to a partnership of three
corporations: November Command, Inc., Minco Corp., and
Northwest Marine Investments, Ltd. Ted Rothstein and J.
Michael Jones were stockholders and directors of Northwest
Marine Investments, Ltd.

With the assistance of Jones, the partnership obtained a
$2,575,000 loan from First Maryland Leasecorp (First Mary-
land). The loan was evidenced by a promissory note and se-
cured by a mortgage on the ship constructed by the partner-
ship, the *M/V Tahitian Command*. Ted Rothstein, J. Michael
Jones and several other investors guaranteed the loan.

In 1983, the partnership's loan was restructured and the
investors who guaranteed it were asked by First Maryland
to reconfirm their guaranties. Rothstein refused because by
then he discovered not all investors guaranteed the loan and
not all the individuals he thought invested had, in fact,
invested. On a date not apparent from the record, the part-
nership defaulted on the loan.

First Maryland obtained a judgment against Northwest
Marine on April 3, 1987, for $2,526,294.59 plus interest and
attorney fees. First Maryland commenced this action against
Rothsteins in February 1988. Rothsteins filed their third
party claims against Joneses[1] in March 1988.

The trial court granted First Maryland summary judg-
ment on the issue of liability. Thereafter, Rothsteins settled

---

[1]Ms. Jones was named as a third party defendant but was subsequently dis-
missed.

with First Maryland. The remainder of the case went to trial. Jones moved for dismissal of Rothsteins' claims during trial contending it was not commenced within the applicable 3-year limitation period. That motion was denied, as was Jones' motion to reconsider. The case ended in a mistrial when the jury was unable to reach a verdict.

Jones renewed his motion for dismissal after trial. The motion was again denied. Jones sought discretionary review. Review was granted by Division One and the case transferred to Division Three.

## CAUSE OF ACTION FOR FRAUD

1. Contentions. Jones contends the Rothsteins' fraud action was time barred because an action for common law fraud accrues upon the actual or imputed discovery of the wrongful acts, regardless of when damages are sustained. He relies primarily on *Strong v. Clark*, 56 Wn.2d 230, 232, 352 P.2d 183 (1960), *Busenius v. Horan*, 53 Wn. App. 662, 769 P.2d 869 (1989), *Western Wash. Laborers-Employers Health & Sec. Trust Fund v. Harold Jordan Co.*, 52 Wn. App. 387, 390, 760 P.2d 382 (1988), and *Interlake Porsche + Audi, Inc. v. Bucholz*, 45 Wn. App. 502, 518, 728 P.2d 597 (1986), *review denied*, 107 Wn.2d 1022 (1987).

Rothsteins contend damages are an essential element of actionable fraud. Therefore, a cause of action does not accrue, and the limitation period does not commence, until the aggrieved party sustains damages. Since there were no damages until First Maryland sued them on their guaranty in February 1988, they contend their lawsuit was timely. They rely primarily on *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 543 P.2d 338 (1975), *Haslund v. Seattle*, 86 Wn.2d 607, 547 P.2d 1221 (1976), *McKelvie v. Hackney*, 58 Wn.2d 23, 360 P.2d 746 (1961), and *Blanton v. Mobil Oil Corp.*, 721 F.2d 1207, 1216-17 (9th Cir. 1983), *cert. denied*, 471 U.S. 1007 (1985).

2. Accrual and the Discovery Rule. The limitation period prescribed for the commencement of actions based on fraud is 3 years. RCW 4.16.080(4). However, the cause of action is "not to be deemed to have accrued until the discovery by the

aggrieved party of the facts constituting the fraud". RCW 4.16.080(4).

■ As a general principle, a statutory limitation period commences and a cause of action accrues when a party has the right to seek relief in the courts. *Colwell v. Eising*, 118 Wn.2d 861, 868, 827 P.2d 1005 (1992); *U.S. Oil & Ref. Co. v. Department of Ecology*, 96 Wn.2d 85, 91, 633 P.2d 1329 (1981); *Lybecker v. United Pac. Ins. Co.*, 67 Wn.2d 11, 15, 406 P.2d 945 (1965). In damage actions based on common law fraud, a party is entitled to judicial relief only if damages have occurred as a consequence of the fraudulent acts. *Sigman v. Stevens-Norton, Inc.*, 70 Wn.2d 915, 920, 425 P.2d 891 (1967); *McKelvie*, at 34; *Blanton*, at 1216-17.[2] Consequently, a fraud action for damages brought before damages are incurred would be premature and subject to dismissal.

In effect, Jones contends that RCW 4.16.080(4) replaced the general principles of accrual with a period of limitation based solely on a fixed objective — discovery of the fraudulent acts. We disagree. RCW 4.16.080(4) is a discovery-rule exception to the 3-year accrual period. That is, the statute of limitation does not begin to run until the plaintiff discovers, or, by reasonable diligence, would have discovered, the cause of action.

If the limitation period for fraud commences upon discovery of the fraudulent acts, regardless of when damages were incurred, RCW 4.16.080(4) would be a statute of repose, not a statute of limitation. A statute of limitation limits the time in which an aggrieved party may bring suit after a cause of action accrues. A statute of repose potentially bars a suit before the cause of action even arises. *See, e.g., Gazija*, at 222 n.2; *Smith v. Showalter*, 47 Wn. App. 245, 247, 734 P.2d

---

[2]The nine essential elements of fraud are: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his ignorance of its intent that it should be acted on by the person to whom it is made; (6) falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; and (9) his consequent damage. *Sigman*, at 920.

928 (1987); Note, *The Constitutionality of Statutes of Repose: Federalism Reigns*, 38 Vand. L. Rev. 627, 628-29 (1985).

In interpreting statutes, the court is to ascertain and give effect to the intent and purpose of the Legislature as expressed in the act as a whole. *Condit v. Lewis Refrigeration Co.*, 101 Wn.2d 106, 676 P.2d 466 (1984). Statutes should not be interpreted in a manner which yields insupportable, unlikely or strained consequences. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987). The purpose of limitation periods generally is to require parties to exercise their rights within a reasonable time without inflicting an avoidable injustice on the injured party. *See Gazija*, at 220. *See also U.S. Oil*, at 93 (courts have a duty to construe and apply limitation statutes in a manner that furthers justice).

There is no indication the Legislature intended to abolish the general principle that a limitation period commences after the cause of action accrues. This general principle was statutorily acknowledged in 1989 when RCW 4.16.005 was enacted. It states:

> Except as otherwise provided in this chapter, and except when in special cases a different limitation is prescribed by a statute not contained in this chapter, actions can only be commenced within the periods provided in this chapter *after the cause of action has accrued.*

(Italics ours.)

There is no indication the Legislature intended to protect those accused of fraud by imposing a relatively short 3-year statute of repose based solely on discovery of fraudulent acts. To the contrary, by enacting RCW 4.16.080(4), the Legislature extended the 3-year limitation period until the aggrieved party discovered or should have discovered the fact of fraud.

We hold that the statute of limitation for a damage action based on common law fraud does not commence to run until the aggrieved party discovers, or should have discovered, the fact of fraud by due diligence and sustains some actual damage as a result therefrom. This interpretation prevents the unconscionable result of barring an aggrieved party's right to recovery before a right to judicial relief even arises. It is

also based on the principle that it is both illogical and unjust to require a party to file a lawsuit in anticipation of damages merely because the potential plaintiff knows of the fraudulent acts of another. *See Baron v. Allied Artists Pictures Corp.*, 717 F.2d 105, 109 (3d Cir. 1983), discussed herein. *See also* 1 C. Corman, *Limitation of Actions* § 6.1, at 372 (1991); *Manzanita Park, Inc. v. Insurance Co. of North Am.*, 857 F.2d 549, 557-58 (9th Cir. 1988).[3]

Jones cites a number of Washington cases which hold that the statute of limitation for fraud begins to run upon discovery of the fraudulent acts. However, none addressed the question presented here.[4] As both parties' briefing shows, other jurisdictions have addressed the question at issue and have reached varying results. Our interpretation is consistent with the federal rule as stated in *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1396 (9th Cir. 1986):

> Under federal law a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action. Applying this principle, we have held that a cause of action does not accrue at the time plaintiff becomes aware of a wrong if, at that time, the plaintiff's damages are not certain to occur or too speculative to be proven.

(Citations omitted.)

---

[3]As stated in *Dincher v. Marlin Firearms Co.*, 198 F.2d 821, 823 (2d Cir. 1952):

"Except in topsy-turvy land, you can't die before you are conceived, or be divorced before ever you marry, or harvest a crop never planted, or burn down a house never built, or miss a train running on a non-existent railroad. For substantially similar reasons, it has always heretofore been accepted, as a sort of legal 'axiom,' that a statute of limitations does not begin to run against a cause of action before that cause of action exists, *i.e.*, before a judicial remedy is available to the plaintiff." (Footnotes omitted.)

[4]The cited cases simply reiterate the language of RCW 4.16.080(4), *i.e.*, a fraud action accrues upon discovery "of the facts constituting the fraud". *E.g.*, *Strong v. Clark*, 56 Wn.2d 230, 352 P.2d 183 (1960); *Busenius v. Horan*, 53 Wn. App. 662, 769 P.2d 869 (1989); *Western Wash. Laborers-Employers Health & Sec. Trust Fund v. Harold Jordan Co.*, 52 Wn. App. 387, 760 P.2d 382 (1988); *Interlake Porsche + Audi, Inc. v. Bucholz*, 45 Wn. App. 502, 728 P.2d 597 (1986), *review denied*, 107 Wn.2d 1022 (1987). This may be explained by the fact that postdiscovery damages were not at issue. In the typical fraud case, damages are not speculative at the time the fraudulent acts are discovered.

Our decision is also consistent with *Continental Ins. Co. v. Pierce Cy.*, 690 F. Supp. 930 (W.D. Wash. 1987), *aff'd*, 877 F.2d 64 (9th Cir. 1989). *Continental* concluded that a fraud claim did not accrue and the limitation period did not commence until the plaintiff was aware of all essential elements of the fraud action. *Continental* cited *Buxton v. Perry*, 32 Wn. App. 211, 214, 646 P.2d 779, *review denied*, 97 Wn.2d 1040 (1982) which held the limitation period in a legal malpractice action based on misrepresentations commences when the client becomes aware of all elements of fraud.

3. Occurrence of Damages. Jones contends that even if a fraud action does not accrue until the plaintiff is aware of damages, the Rothsteins knew they were damaged at the time the alleged misrepresentations were made, and they "discovered" those alleged misrepresentations no later than 1984. According to Jones, it is the "fact of damage", not the extent of damage, which determines when a claim for fraud accrues.

In negligence actions, an aggrieved party need not know the full amount of damage before a cause of action accrues, only that some actual and appreciable damage occurred. *Gazija*, at 219; *Steele v. Organon, Inc.*, 43 Wn. App. 230, 235, 716 P.2d 920, *review denied*, 106 Wn.2d 1008 (1986). As Jones contends, the same principle can logically apply to fraud actions. However, we do not agree that if there were fraudulent misrepresentations, Rothsteins suffered actual and appreciable damages based on their guaranty when those misrepresentations were made.[5]

■ Rothsteins' liability to First Maryland was secondary, not primary. Unless the partnership defaulted and partnership assets were insufficient to satisfy the loan, Rothsteins would have no liability on their guaranty. Therefore, at the

---

[5]To the extent Rothsteins sought and were entitled to a rescission of their guaranty or return of their $25,000 investment, not damages based on their guaranty, judicial relief became available once the misrepresentations were made. However, it appears from the record that Jones was found not to be an agent of First Maryland and any misrepresentations he made would not give rise to rescission rights against the bank. Further, Rothsteins did not want a return of their $25,000 investment.

time of the alleged misrepresentations, damages based on the guaranty were speculative and Rothsteins were not entitled to maintain an action for damages at that time. *See generally* 1 C. Corman § 7.4.5, at 560-61. Once the partnership defaulted and the bank made its demand on the guarantors, damages were no longer speculative, even though their extent was not known. *See Gazija*, at 219; *Steele*, at 235. At that time, Rothsteins' cause of action accrued.

Since we are unable to ascertain from the record when the partnership defaulted and the bank first made its demand on Rothsteins' guaranty, a remand is necessary.[6]

CAUSE OF ACTION FOR NEGLIGENT
MISREPRESENTATION

1. Contentions. Jones contends that because the statute of limitation for negligent misrepresentation is also RCW 4.16-.080(4), Rothsteins' negligence claims are also time barred.

Rothsteins contend this issue should not be reviewed because Jones' negligence claim was not a part of the case at the time the trial court denied his motion to dismiss and his motion for reconsideration.

■ 2. Same Accrual and Discovery Principles. The record does not reflect the trial court's consideration of whether Rothsteins' negligence claims were time barred. However, since the applicable statute of limitation[7] and principles of accrual are the same whether negligent misrepresentation or fraudulent misrepresentations are at issue, our holding applies to causes of action for negligent misrepresentation as well as causes of action for damages based on common law fraud.

---

[6]The trial court concluded that Rothsteins' cause of action did not accrue until the bank sued them on their guaranty. If the bank first made its demand in the lawsuit, the cause of action did accrue at that time. However, if demand preceded suit, the earlier date commenced the running of the statute.

[7]*Western Lumber, Inc. v. Aberdeen*, 10 Wn. App. 325, 518 P.2d 745 (1973), *review denied*, 83 Wn.2d 1009 (1974).

WASHINGTON SECURITIES ACT VIOLATIONS

1. Contentions. Jones contends the trial court erred in holding that Rothsteins' cause of action based on alleged violations of RCW 21.20.430(4)(b) were not time barred. According to Jones, the standard for accrual of fraud-based claims under RCW 21.20.430(4)(b) is essentially identical to RCW 4.16.080(4). He relies, in part, on *Douglass v. Glenn E. Hinton Invs., Inc.*, 440 F.2d 912 (9th Cir. 1971).

■ 2. Applicable Statutes. A purchaser of securities victimized by a seller's fraud or misrepresentation has a cause of action under RCW 21.20.010[8] of The Securities Act of Washington. The limitation period applicable to common law fraud, RCW 4.16.080(4), does not apply to actions under RCW 21.20. The applicable statute of limitation is contained in RCW 21.20.430(4)(b) which states, in pertinent part:

> No person may sue under this section more than three years after . . . any violation of the provisions of . . . RCW 21.20.010 . . . either was discovered by such person or would have been discovered by him or her in the exercise of reasonable care.

The language of RCW 21.20.430(4)(b) differs significantly from RCW 4.16.080(4). Under RCW 21.20.010, an action must be commenced within 3 years of the violation, although the 3-year period is tolled until the securities violation is discovered or should have been discovered.

*Hinton*, cited by Jones, does not require a contrary conclusion. *Hinton* was an action brought for alleged violations of the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.*), which occurred in Washington. Since the federal act did not contain a statute of limitation, state limitation periods were

---

[8]RCW 21.20.010 provides:

"It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:

"(1) To employ any device, scheme, or artifice to defraud;

"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

"(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person."

used. At the time *Hinton* was decided, RCW 21.20.430(3) required that actions be commenced within "three years after the contract of sale". The statute did not provide for tolling of the 3-year period until discovery of the violation. For this reason, *Hinton* applied RCW 4.16.080(4), not RCW 21.20.430(3) (now (4)(b)).

According to Rothsteins, Jones misrepresented that two other individuals would be investing in the partnership and falsely stated that all investors had to sign personal guaranties and meet minimum net worth and earning requirements. If any securities act misrepresentations were made by Jones, they likely occurred in 1979. Trial testimony and exhibits demonstrated that Rothsteins learned of the alleged misrepresentations no later than September 1984. Since Rothsteins failed to commence their lawsuit until March 1988, their securities act claims based on RCW 21.20.010 were barred by RCW 21.20.430(4)(b).

### REMAND AND REVERSAL

This matter is remanded for purposes of determining when the bank first made its demand on Rothsteins' guaranty. Rothsteins' cause of action for damages based on common law fraud and negligent misrepresentations accrued on that date and the statute of limitation began to run. Rothsteins' cause of action for securities act violations is time barred and the trial court is directed to enter an order dismissing that cause of action.

MUNSON and SWEENEY, JJ., concur.