42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNIGARD SECURITY INSURANCE COMPANY, Plaintiff-Appellee,
v.
KANSA GENERAL INSURANCE COMPANY, a foreign corporation,
Defendant-Appellant.
 No. 93-35008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided Dec. 7, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Unigard Security Insurance Company ("Unigard") brought this diversity action seeking to recover loss payments under a retrocessional reinsurance treaty from Kansa General Insurance Company ("Kansa"). Kansa raised various affirmative defenses and counterclaims. Following a bench trial, the district court ordered judgment for Unigard and dismissed Kansa's counterclaims with prejudice. Kansa appeals.
 
 I.
 
 3
 Kansa argues that the district court erred in concluding that Unigard did not breach its duty of utmost good faith. We need not decide the exact parameters of the duty of utmost good faith in order to determine whether the district court correctly decided this issue. In order to prove that Unigard violated its duty, Kansa was required to show that it suffered prejudice as a result of Unigard's actions. North River Ins. Co. v. Philadelphia Reinsurance Corp., 831 F.Supp. 1132, 1146 (D.N.J.1993), citing Unigard Security Ins. Co. v. North River Ins. Co., 4 F.3d 1049, 1068-69 (2d Cir.1993). The district court found that "the evidence does not establish that any misrepresentation or omission of a material fact by Unigard or Intere caused Kansa to agree to the Treaty or to renew or increase its participation in the Treaty." District Court Finding No. 54. The district court also found that Kansa had not proved that it sustained any damages. District Court Finding No. 56. Kansa has given us no reason to doubt these findings, and we hold that they are not clearly erroneous.
 
 
 4
 Because Kansa has not established that it would have acted differently had it known that Unigard was operating the Treaty inconsistently with the Treaty's terms and because it cannot prove that it sustained damages, Kansa has failed to show prejudice. The district court, therefore, did not err in concluding that Unigard did not breach the duty of utmost good faith.
 
 II.
 
 5
 Nor did the district court err in failing to hold that Kansa's duties under the Treaty were discharged based on its affirmative defenses. Because Kansa failed to prove damages, it was appropriate to dismiss Kansa's affirmative defenses based on breach of contract and rescission.
 
 
 6
 " 'A breach of contract is a non-performance of any contractual duty of immediate performance.' " City of Algona v. City of Pacific, 667 P.2d 1124, 1126 (Wash.App.1983) (citing Restatement of Contracts Sec. 312, at 462 (1932)). Kansa contends that any material breach of a contract discharges the other party's duty to perform. However, "[a] breach of a 'promise' subjects the promissor to liability in damages, but does not necessarily excuse performance on the other side." Ross v. Harding, 391 P.2d 526, 530 (Wash.1964). " 'A breach or non-performance of a promise by one party to a bilateral contract [must be] so material as to justify a refusal of the other party to perform a contractual duty [in order to] discharge[ ] that duty.' " Jacks v. Blazer, 235 P.2d 187, 191 (Wash.1951). See also Dwinell's Central Neon v. Cosmopolitan Chinook Hotel, 587 P.2d 191, 195 (Wash.App.1978) (sign company's duty to service signs was discharged by defendant's material breach of contract in failing to make monthly payments). "While any breach will give rise to cause of action for damages, a breach does not become cause for repudiation until it is, under all of the circumstances surrounding the contract, so material as to amount to a substantial or total failure of consideration." Cartozian & Sons v. Ostruske-Murphy, Inc., 390 P.2d 548, 551 (Wash.1964) (citing 6 Corbin, Contracts, Sec. 1253, p. 13)). Accord Scott Paper Co. v. City of Anacortes, 578 P.2d 1292, 1302 (Wash.1978).
 
 
 7
 There is no evidence that Unigard's breach in improperly administering the Treaty amounted to "a substantial or total failure of consideration." Because Kansa received consideration in the form of premium payments and cannot demonstrate that it was injured, the district court correctly determined that Unigard's improper administration of the Treaty did not discharge Kansa's duties.
 
 III.
 
 8
 We also agree with the district court that Kansa's counterclaim for breach of contract was time barred. In Washington, an action arising out of a written contract must be brought within six years of the event giving rise to the claim. Wash.Rev.Code. Sec. 4.16.040. The district court assumed that a fiduciary relationship exists between reinsured and reinsurer, and therefore used the discovery rule to determine the accrual date of Kansa's cause of action for breach of contract.
 
 
 9
 Under the discovery rule, a cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action: duty, breach, causation and damages.
 
 
 10
 The discovery rule requires a plaintiff to use due diligence in discovering the basis for the cause of action. In other words, the discovery rule will postpone the running of a statute of limitations only until the time when a plaintiff, through the exercise of due diligence, should have discovered the basis for the cause of action.
 
 
 11
 Allen v. State, 826 P.2d 200, 203 (Wash.1992) (citations and footnote omitted).
 
 
 12
 The district court found that Unigard's communications put Kansa on notice that Unigard was administering the treaty as discretionary rather than automatic. It concluded that a reasonably diligent reinsurer would have inquired into Unigard's conduct, and noted that if Kansa had done so prior to December 7, 1984, it would have discovered "the acts giving rise to Kansa's claims in this regard." The court held that Kansa's breach of contract counterclaim was barred.
 
 
 13
 The question of when an aggrieved party discovered or could have discovered the facts giving rise to a cause of action is one of fact. Sherbeck v. Estate of Lyman, 552 P.2d 1076, 1078 (Wash.App.1976). Though the language of the updates may be ambiguous, we cannot conclude that the district court's findings are clearly erroneous.
 
 
 14
 Because Kansa was on inquiry notice of the discretionary use of the Treaty, Kansa's counterclaims for fraud and misrepresentation were time barred by Washington's three-year statute of limitation for fraud claims. Wash.Rev.Code Sec. 4.16.080(4).
 
 IV.
 
 15
 The district court also correctly concluded that Kansa failed to prove fraud, negligent misrepresentation and innocent misrepresentation. The district court held that "Kansa has failed to establish by clear, cogent and convincing evidence, or by a preponderance of the evidence, its claim of fraud." It further held, "Kansa has also not established the misrepresentation or omission of an existing material fact, or justifiable reliance thereon." The court found that the information provided in the updates was factually accurate, and Kansa does not seriously challenge that conclusion. Kansa does assert that some Unigard statements were false, see Appellant's opening brief 8-9 (existing book of business); 12 (judicious use of cover capacity); 18 (claims experience), but its citations to the record do not compel that conclusion. Kansa has failed to show that the district court clearly erred in finding that Unigard's affirmative statements were factually accurate.
 
 
 16
 Kansa's claim must rest on Unigard's failure to disclose information regarding its administration of the Treaty. In order to prove misrepresentation, however, Kansa must show justifiable reliance. Amtruck Factors v. International Forest Prod., 795 P.2d 742, 747-48 (Wash.App.1990); Skagit State Bank v. Rasmussen, 745 P.2d 37, 41 (Wash.1987). Kansa has not explained why the district court erred in concluding that it did not justifiably rely on any omission of an existing material fact.
 
 
 17
 The district court did not err in holding that Kansa failed to carry its burden of proving these counterclaims.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3