[No. 32961-8-I.     Division One.     February 13, 1995.]

JOHN BEARD, ET AL, *Appellants*, v. KING COUNTY, ET AL, *Respondents*.

Christopher R. McLeod; James E. Kennedy and Kennedy, Schuck, Harris & Miller; Leslie Clay Terry III and Law Office of Leslie Clay Terry III, for appellants.

Robert L. Christie and Waitt, Johnson & Martens; Bruce E. Larson and Karr Tuttle Campbell, for respondents.

BAKER, A.C.J. — Former King County police officers (Appellants) appeal from summary judgment in favor of King County and two former police officers (the County). Appellants contend the trial court erred in finding their causes of action barred under the applicable statutes of limitation. Appellants Sowers and Beard also appeal the trial court's determination that their claims for unfair employment practices were barred by their failure to exhaust administrative remedies. We affirm.

I

In 1988 Respondents Daly and Reynolds, as members of the King County police internal investigations unit, investigated a complaint of sexual misconduct against Appellant Helland. In the course of the investigation, Daly interviewed Opal Gude, who alleged that Helland raped her in 1974 and

that other Appellants were also present. Criminal charges were never filed.

Subsequently, Daly retained the law firm of Ellis & Li to represent him in a labor dispute which followed the Helland investigation. Daly also told Gude about the law firm. In September 1988 Gude, through Ellis & Li, filed suit in federal court against Appellants and the County. Gude's complaint repeated the rape allegations she had made to Daly.

In February 1989 Appellants filed a claim for damages (1989 claim) with the County pursuant to RCW 36.45, alleging Appellants had been sued by Gude as a result of an improper investigation by King County officers, including Daly, and that Daly and other officers improperly induced Gude to make her accusations against the Appellants.[1] The 1989 claim further alleged:

> It is the further allegation of the [Appellants] that although such allegations were without merit, that certain King County police officers, including [Daly], encouraged [Gude] to contact the law firm of Ellis & Li . . . prior to September 13, 1988, and/or such police officers, including [Daly], permitted such law firm to have access to:
>
> 1). Personal and confidential information gathered in the course of the aforementioned investigation of [Appellant Helland];
>
> 2). Personal and confidential information about the personnel files, records, and/or background of the [Appellants]; and
>
> 3). The personal use of such police officers, including [Daly], as private investigators and assistants for the law firm on the [Gude action].

Daly was deposed in the federal suit in June 1989. He testified that he did not provide any information to Ellis & Li *on behalf of Gude*. Daly's attorney objected, on grounds of attorney-client privilege, to questions about what other information or documents Daly may have provided to Ellis & Li. The County took the position that many of Appellants' discovery requests were for materials which constituted work product or were otherwise privileged.

---

[1]Pursuant to former RCW 36.45.030, all claims for damages against a county must be presented to the county commissioners as a prerequisite to filing a civil action against the county.

In July 1989 Gude voluntarily dismissed her civil action. According to the declarations of Appellants Sowers and Beard, Gude's attorney (Stephen McFarland of Ellis & Li) then admitted in open court that Daly had provided confidential police information to Ellis & Li. Until then, Appellants had a suspicion but no proof that this had occurred.

On June 18, 1992, Appellants filed the present action. The complaint asserted causes of action against the County, Daly and Reynolds, for outrage, emotional distress, invasion of privacy, negligence, and, for Appellants Beard and Sowers only, a fifth cause of action for unfair employment practices. The complaint specifically alleged that Daly provided confidential materials to Ellis & Li.

■■ The trial court granted summary judgment for the County, finding that Appellants' first four causes of action were time barred by the applicable statute of limitation.

> A summary judgment motion can be granted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. . . . The court must consider the facts in the light most favorable to the nonmoving party, and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion[.]

*In re Estates of Hibbard*, 118 Wn.2d 737, 744, 826 P.2d 690 (1992) (quoting *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990)). Viewing the record in the light most favorable to Appellants, the relevant facts are as follows: (1) in February 1989 Appellants suspected and specifically alleged but had no direct evidence that Daly improperly provided confidential materials to Gude's attorneys, (2) Appellants were unable to obtain proof of this fact through discovery in the Gude action, and (3) in July 1989 Gude's attorney admitted that such information had been provided.

Appellants argue that, under the discovery rule, the limitation period did not begin to run until Gude's attorney admitted the critical fact of Daly's providing confidential information to Ellis & Li. Unless the discovery rule applies, all of Appellants' causes of action are time barred under the 3-year limitation period, RCW 4.16.080(2), because this

action was filed more than 3 years after the 1989 claim. The County takes the position that Appellants' causes of action accrued, at the latest, when Appellants filed their 1989 claim. The County contends the filing of the 1989 claim shows that Appellants already knew the necessary factual elements of their causes of action.

■ ■ The discovery rule provides that a cause of action does not accrue until an injured party knows, or in the exercise of due diligence should have discovered, the factual bases of the cause of action.[2] *Estates of Hibbard*, 118 Wn.2d at 744; *Allen v. State*, 118 Wn.2d 753, 758, 826 P.2d 200 (1992). This appeal presents the narrow issue of whether the discovery rule continues to toll the commencement of the limitation period after the injured party has specifically alleged the essential facts but does not yet possess proof of those facts.[3] We hold that it does not.[4] The parties have cited no cases which directly address this issue. However, application of the discovery rule to the present case does not follow from the rationales behind the discovery rule.

Washington first adopted the discovery rule in *Ruth v. Dight*, 75 Wn.2d 660, 453 P.2d 631 (1969). *Estates of Hibbard*, 118 Wn.2d at 745. In *Ruth* the Supreme Court explained that the rule was necessary to balance the injured claimant's right to legal remedies against the threat of defending stale claims, and to avoid the injustice of having a statute of limitation terminate legal remedies before the claimant knows he or she has been injured. *Ruth*, 75 Wn.2d at 664-65. Equally impor-

---

[2]Appellants contend they exercised due diligence in the discovery of facts in the Gude action. Due diligence is not an issue in this case. The question of due diligence is only material to when a party *should have known* the essential facts of a cause of action. The County contends Appellants *had knowledge* of the essential facts on February 28, 1989.

[3]The County does not contend the filing of a claim for damages commences the limitation period as a matter of law. That issue is not presented by this appeal. Rather, it is the fact of the specific allegation (of Daly's improper disclosures to Ellis & Li) in Appellants' 1989 claim which is significant.

[4]Our resolution of this issue assumes without deciding that the discovery rule applies to the various tort causes of action asserted by Appellants. *See Allen v. State*, 118 Wn.2d 753, 758 n.4, 826 P.2d 200 (1992).

tant to the balance of providing a remedy without allowing stale claims is the rule that a cause of action does not accrue until all factual elements of the cause of action exist. This rule prevents "the unconscionable result of barring an aggrieved party's right to recovery before a right to judicial relief even arises." *First Maryland Leasecorp v. Rothstein*, 72 Wn. App. 278, 283, 864 P.2d 17 (1993).

Following these rationales, the limitation period begins to run when the factual elements of a cause of action exist and the injured party knows or should know they exist, whether or not the party can then conclusively prove the tortious conduct has occurred. A smoking gun is not necessary to commence the limitation period. An injured claimant who reasonably suspects that a specific wrongful act has occurred is on notice that legal action must be taken. At that point, the potential harm with which the discovery rule is concerned — that remedies may expire before the claimant is aware of the cause of action — has evaporated. The claimant has only to file suit within the limitation period and use the civil discovery rules within that action to determine whether the evidence necessary to prove the cause of action is obtainable. If the discovery rule were construed so as to require knowledge of conclusive proof of a claim before the limitation period begins to run, many claims would never be time barred.

On these facts, the discovery rule does not apply to extend the commencement of the limitation period beyond the filing of the 1989 claim. When Appellants filed that claim, Gude had already sued Appellants and the injuries alleged in the complaint had been sustained. Assuming Daly provided confidential materials to Ellis & Li, all of the factual elements of Appellants' causes of action were present and those causes of action had accrued when Appellants filed the 1989 claim. Appellants were then legally entitled to relief and the limitation period began to run. Because the 1989 claim clearly indicates Appellants' understanding of Daly's alleged wrongful conduct, the discovery rule cannot be invoked to excuse Appellants' failure to take necessary legal action within the

ensuing limitation periods. The applicable limitation periods on Appellants' claims began to run, at the latest, on February 28, 1989, more than 3 years before Appellants filed the present action.[5] The trial court correctly granted summary judgment because Appellants' causes of action were time barred.[6]

## II

Appellants Sowers and Beard's cause of action for unfair employment practices alleges they were improperly denied consideration for promotion. Sowers and Beard have declared that each was verbally informed by King County Sheriff Montgomery that they would not be considered for promotion while the Gude matter was pending. It is undisputed that Sheriff Montgomery would personally make any decision whether to promote Sowers or Beard. Sowers and Beard never applied for promotion. The trial court found that Sowers and Beard's cause of action was precluded by their failure to exhaust administrative remedies.[7]

---

[5]Relying on *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 864 P.2d 921 (1993) and *Douchette v. Bethel Sch. Dist. 403*, 117 Wn.2d 805, 818 P.2d 1362 (1991), Appellants also contend the discovery rule should apply where essential facts were improperly concealed. This argument is dependent upon allegations that Daly and Ellis & Li improperly concealed and lied about whether Daly had provided confidential information. The record does not support these allegations. The record indicates, at best, that Appellants were unable to discover Daly's disclosures due to Daly's assertion of attorney-client privilege and the County's objections that such discovery sought information which was privileged or otherwise not discoverable. Whether such objections were proper is no longer an issue. Appellants do not allege and the record does not indicate that Appellants ever attempted to obtain an order compelling discovery or that Respondents violated such an order. Because Appellants' factual allegations fail, we need not consider the legal question of whether improper concealment of Daly's disclosures would have tolled the limitation period.

[6]Given our resolution of the discovery rule issue, we need not decide whether Appellants' cause of action for invasion of privacy is governed by the 2-year limitation period, RCW 4.16.100(1), or the 3-year period, RCW 4.16.080(2).

[7]The record, as cited and explained by the parties on appeal, does not indicate an absence of an issue of material fact as to whether Sowers and Beard had available other administrative remedies with either the Civil Service Commission or under the terms of the collective bargaining agreement between Public Safety Employees Local 519 and the County. Therefore, for purposes of this court's

■ Generally, action by an agency cannot be challenged in court until administrative avenues of appeal are exhausted.

> [A]dministrative remedies must be exhausted before the courts will intervene: (1) "when a claim is cognizable in the first instance by an agency alone"; (2) when the agency's authority " 'establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties"; and (3) when the "relief sought . . . can be obtained by resort to an exclusive or adequate administrative remedy".

*State v. Tacoma-Pierce Cy. Multiple Listing Serv.*, 95 Wn.2d 280, 284, 622 P.2d 1190 (1980) (quoting *Retail Store Employees Union, Local 1001 v. Washington Surveying & Rating Bur.*, 87 Wn.2d 887, 906, 907, 909, 558 P.2d 215 (1976)). Appellants acknowledge that an actual application for promotion is normally a necessary administrative remedy under the above criteria. The dispositive issue is whether the Sheriff's statements to Sowers and Beard excused their failure to actually apply for promotion before bringing a civil action.

Appellants contend an application to Montgomery for promotion would have been futile. "The futility exception to the exhaustion doctrine is premised upon the rationale that courts will not require vain and useless acts." *Orion Corp. v. State*, 103 Wn.2d 441, 458, 693 P.2d 1369 (1985). In *Orion* landowners sued the State after it became apparent that they would not be allowed to develop their property in Padilla Bay, Skagit County. Proposed development of the bay was affected or limited by at least five state and county regulatory programs. *Orion*, 103 Wn.2d at 444. The Department of Ecology went so far as to create the Padilla Bay Estuarine Sanctuary, which included the developers' land, even though the land had not yet been acquired by the State. *Orion*, 103 Wn.2d at 454. The Supreme Court excused the developers' failure to exhaust remaining administrative remedies. "Reviewing this record it becomes quite evident that the State and County have made a policy choice to

review of summary judgment below, the only administrative remedy which Sowers and Beard failed to exhaust was to actually apply for their respective promotions.

prevent development of Padilla Bay." *Orion*, 103 Wn.2d at 460. Any further permit applications by developers would have been a vain and useless act. *Orion*, 103 Wn.2d at 460.

Our courts have noted that *Orion* was unusual. "[*Orion*] is an example of the rare circumstances that will allow a party to avoid the available administrative remedies." *Bellevue 120th Assocs. v. Bellevue*, 65 Wn. App. 594, 598, 829 P.2d 182, *review denied*, 119 Wn.2d 1021 (1992); *see Citizens for Clean Air v. Spokane*, 114 Wn.2d 20, 31, 785 P.2d 447 (1990). In *Bellevue 120th Assocs.* the City of Bellevue issued a determination of significance (DS) for a proposed warehouse project. The developer did not appeal the DS or prepare an environmental impact statement. Rather, the developer attempted to negotiate an alternative design. The developer never resubmitted its permit application or submitted a formal redesign application before filing suit. *Bellevue 120th Assocs.*, 65 Wn. App. at 596-98. Finding the "very unusual facts of *Orion*" lacking, this court upheld summary judgment for the City that developers had failed to exhaust administrative remedies. *Bellevue 120th Assocs.*, 65 Wn. App. at 598.

██ Whether administrative remedies are futile is a question for the court. *Estate of Friedman v. Pierce Cy.*, 112 Wn.2d 68, 77, 768 P.2d 462 (1989). Like the trial court, we are not persuaded that the circumstances of this case indicate futility. Appellants' failure to actually apply for promotion is akin to the developers' failure to resubmit permit applications in *Bellevue 120th Assocs.* The fact that the Sheriff allegedly verbally informed Sowers and Beard that they would not be considered for promotion when no application had been made does not clearly establish the futility of presenting his office with formal applications for promotion. If Sowers and Beard were more qualified than other applicants Sheriff Montgomery may not have been able to maintain his off-the-record position in the spotlight of a formal selection process. Appellants cannot ask the court to remedy a denial of promotions for which they never applied based on speculation that seeking promotion was futile.

Affirmed.

COLEMAN and GROSSE, JJ., concur.