78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew ERICKSON, for himself and as Personal Representative
of the Estate of Phillipa Erickson, and Craig
Erickson, Plaintiff-Appellant,
v.
The UPJOHN COMPANY, a foreign corporation, Defendant-Appellee.
 No. 95-35207.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1996.
Decided March 5, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Phillipa Erickson committed suicide in 1987. Nearly seven years later, plaintiffs (Andrew Erickson, for himself and as personal representative of Phillipa Erickson's estate, and his son Craig Erickson) filed an action against The Upjohn Company alleging that a drug Upjohn manufactured, Halcion, contributed to Phillipa's depression and eventual suicide. The district court granted summary judgment in favor of Upjohn holding: (1) plaintiffs' claims for violations of the Washington Product Liability Act, negligence, willful and wanton misconduct, and fraud are barred by Washington's three-year statute of limitations; and (2) plaintiffs have no claim under the Washington Consumer Protection Act (CPA) because the CPA does not permit recovery for personal injury. We affirm the district court on the statute of limitations issue, but reverse on the CPA issue.
 
 
 4
 * We review de novo the district court's decision to grant summary judgment based on Washington's statute of limitations, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), petition for cert. filed, 64 USLW 3271 (Sep. 20, 1995) (no. 95-481), and the district court's interpretation of Washington's CPA. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 II
 
 5
 All of the plaintiffs' claims, except the CPA claim, face a three-year statute of limitations. Wash.Rev.Code §§ 7.72.060, 4.16.080(2) & (4). In most cases, a cause of action accrues at the time the tortious act or omission occurred. Samuelson v. Community College Dist. No. 2, 877 P.2d 734, 737 (Wash.App.1994). However, under the discovery rule, the statute will begin to run at a later date if the plaintiff did not and could not, through the exercise of due diligence, discover the elements of the cause of action at an earlier date. Allen v. State, 826 P.2d 200, 203 (Wash.1992).
 
 
 6
 The factual--and not the legal--basis of the action is the key consideration under the discovery rule. "The action accrues when the plaintiff knows or should know of the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action." Id. To invoke the discovery rule, the plaintiff must prove that he or she could not have discovered the relevant facts earlier. G.W. Const. Corp. v. Professional Serv. Indus., Inc., 853 P.2d 484, 488 (Wash.App.1993). Unless the facts are susceptible to but one reasonable interpretation, it is up to the jury to determine whether the plaintiff has met this burden. Goodman v. Goodman, 907 P.2d 290, 294 (Wash.1995).
 
 
 7
 Washington courts have explained that the discovery rule balances the defendant's right not to have to defend stale claims against the "unconscionable result of barring an aggrieved party's right to recovery before a right to judicial relief even arises." Beard v. King County, 889 P.2d 501, 504 (Wash.App.1995) (citation omitted). Under this rational, the limitations period begins to run once the claimant "reasonably suspects that a specific wrongful act has occurred," Beard, 889 P.2d at 504 (emphasis added), because
 
 
 8
 [a]t that point, the potential harm with which the discovery rule is concerned--that remedies may expire before the claimant is aware of the cause of action--has evaporated. The claimant has only to file suit within the limitation period and use the civil discovery rules within that action to determine whether the evidence necessary to prove the cause of action is obtainable. If the discovery rule were construed so as to require knowledge of conclusive proof of a claim before the limitation period begins to run, many claims would never be time-barred.
 
 
 9
 Id.
 
 
 10
 Plaintiffs contend that they were not aware of all of the facts underlying the elements of their causes of action before March 21, 1991 (which was three years before plaintiffs filed suit). Specifically, the plaintiffs claim that they were unaware that: (1) Halcion's warnings were inadequate (an element of the products liability claims), and (2) Upjohn knew at the time of Erickson's death that the Halcion warnings were inadequate (an element of the fraud claim). Plaintiffs argue that they did not become aware that they had a cause of action against Upjohn until either August 1991 when Newsweek published an article about Halcion, or January 1992 when The New York Times reported on the Halcion controversy.
 
 
 11
 Plaintiffs compare their situation to that of the plaintiffs in Lo v. Honda Motor Co., Ltd., 869 P.2d 1114 (Wash.App.1994). This comparison is misplaced. Unlike the Los, the plaintiffs here possessed abundant information that would raise a reasonable suspicion that they had a claim against Upjohn. Before March 21, 1991, the FDA sent plaintiffs information that included: 1) evidence of higher adverse reaction reports of Halcion as compared to other drugs; 2) memos regarding possible labeling changes; and 3) memos regarding the discontinuance of the .5 mg tablets. Moreover, the plaintiffs had requested and received a 20/20 transcript reporting the controversy on Halcion's dangerous side-effects, and the fact that Dutch authorities had removed the drug from the market. Although both the FDA information and the 20/20 story indicated that other factors may have caused the reported adverse effects, the information was sufficient to raise a reasonable suspicion that Halcion's warnings about the drug's side-effects were inadequate; "[a] smoking gun is not necessary to commence the limitation period." Beard, 889 P.2d at 504.
 
 
 12
 Perhaps most damaging to the plaintiffs' appeal is their admission that, prior to March 1991, they investigated the possibility of adding Upjohn as a defendant in their lawsuit against Kerr. This fact seriously undermines their argument that they did not have a "reasonable suspicion" that Upjohn committed a wrongful act.
 
 
 13
 Furthermore, even if the plaintiffs did not have a reasonable suspicion of the facts underlying their cause of action before March of 1991, the plaintiffs have not shown that, with due diligence, they could not have known of their cause of action by then. By March of 1991, legal, national, and Seattle papers had printed stories on the Halcion controversy. Moreover, at least fifty other plaintiffs had "discovered" their cause of action against Upjohn and filed Halcion products liability lawsuits. Although plaintiffs try to raise a genuine issue of material fact by arguing that they did carry out an investigation, the documents they present show no evidence that this investigation was carried out with due diligence. For example, none of the plaintiffs' pre-1992 documents show that they ever directly asked their experts if they had a claim against Upjohn.
 
 
 14
 In short, the plaintiffs have not shown that they did not know, and could not have known, of their causes of action against Upjohn before March 21, 1991. Therefore, we affirm the district court's grant of summary judgment on all claims except the CPA claim.
 
 IV
 
 15
 The Washington Consumer Protection Act (CPA) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Wash.Rev.Code § 19.86.020. A private party may bring a CPA claim if he or she can show:
 
 
 16
 (1) an unfair or deceptive act or practice; (2) which occurs in trade or commerce; (3) that impacts the public interest; (4) which causes injury to the plaintiff in his or her business or property; and (5) which injury is causally linked to the unfair or deceptive act.
 
 
 17
 Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 858 P.2d 1054, 1061 (Wash.1993) (footnote omitted). However, personal injury actions may not be brought under the CPA because personal injuries are not injuries to "business or property." Id. at 1064.
 
 
 18
 Here, the plaintiffs' complaint for damages alleged that "Upjohn's unfair or deceptive actions induced Phillipa Erickson to act, specifically, to consume Halcion. Phillipa Erickson and plaintiffs suffered damage as a result of her consumption of Halcion." In their opposition to summary judgment, plaintiffs narrowed their CPA damages claim to include only $840 for Andrew Erickson's loss of wages incurred due to Phillipa's death, $2,637.00 in funeral expenses, and the amount of money Phillipa spent on Halcion.
 
 
 19
 Upjohn claimed, and the district court agreed, that Stevens v. Hyde Athletics Indus., 773 P.2d 871 (Wash.App.1989) bars the Plaintiffs' CPA claim. In Stevens, the Washington Court of Appeals held that a plaintiff may not use the CPA to recover for personal injury merely by recasting personal injury damages, such as hospital, physician, and rehabilitative expenses, into a pseudo-property structure. Stevens, 773 P.2d at 872-73.
 
 
 20
 On appeal, plaintiffs try to salvage the CPA claim by only mentioning their desire to recover the money Phillipa spent on Halcion because the medication was "excessive, useless, and ultimately dangerous." As limited, the plaintiffs have a valid claim. Mason v. Mortgage American, Inc., 792 P.2d 142, 148 (Wash.1990) ("The injury element [of the CPA] will be met if the consumer's property interest or money is diminished because of the unlawful conduct."). Even if Phillipa had not suffered any physical injury from the drug, she still would have had a claim against Upjohn if, as is alleged here, she spent money on Halcion and it did not work as advertised. Therefore, we reverse the district court's grant of summary judgment. However, the plaintiffs may not recover for funeral expenses and lost wages, which they have not argued for on appeal.
 
 V
 
 21
 We have considered all of the other issues raised in this appeal and determined that they do not merit discussion. We reverse the grant of summary judgment on the plaintiffs' CPA claim, but affirm the grant of summary judgment on all of the other claims of the plaintiffs' action.
 
 
 22
 AFFIRMED IN PART, REVERSED IN PART, COSTS SHALL BE TAXED AGAINST THE APPELLANT.
 
 
 
 *
 The Honorable Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3