IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DR. BETH RIVIN, | ) | No. 81300-5-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF WASHINGTON | ) | |
| SCHOOL OF LAW, an executive | ) | |
| agency of the State of Washington, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |
| | ) | |

VERELLEN, J. — A party must exhaust their administrative remedies before seeking relief from the courts, except if doing so would have been inadequate, futile, or resulted in grave and irreparable harm. Because Dr. Beth Rivin never sought an administrative remedy before turning to the courts for relief and fails to demonstrate she should be excused from exhausting her administrative remedies, the court did not err by dismissing her complaint.

Therefore, we affirm.

FACTS

Rivin was a faculty member at the University of Washington School of Law (UW) from April 2003 through June 2017. On September 27, 2019, Rivin served UW with a summons and complaint seeking monetary damages for

alleged underpayment in violation of her contract. UW moved to dismiss the complaint, arguing Rivin failed to exhaust the administrative remedies available through the UW Faculty Code. The court agreed and dismissed Rivin's claims with prejudice.

Rivin appeals.

## ANALYSIS

The parties agree the court's dismissal should be reviewed as a summary judgment under CR 56. We review dismissal of a complaint on summary judgment de novo, engaging in the same inquiry as the trial court.[1] Summary judgment is appropriate only when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law.[2] We view the facts in a light most favorable to the nonmoving party.[3]

The "well established" rule in Washington is that RCW 34.05.534 of the Administrative Procedures Act (APA) requires a party to pursue and exhaust their administrative remedies before turning to the courts for relief.[4] Generally, courts "will not intervene" where a party has failed to exhaust their

---

[1] Reid v. Pierce County, 136 Wn.2d 195, 201, 961 P.2d 333 (1998).

[2] Id.

[3] Id. (citing Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)).

[4] Citizens for Mount Vernon v. City of Mount Vernon, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997) (citing Simpson Tacoma Kraft Co. v. Dep't of Ecology, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992); RCW 34.05.534).

administrative remedies.[5]  But the failure to do so may be excused.[6]  Rivin does not dispute that UW is a state agency subject to the APA and does not dispute that RCW 34.05.534 generally requires exhaustion of the administrative remedies provided in the UW Faculty Code.  Because she did not initiate any attempt to exhaust her available remedies, the issue is whether one of the exceptions to the exhaustion rule applies.

A person is excused from failing to exhaust their administrative remedies when they can prove the administrative remedies "would be patently inadequate," administrative adjudication "would be futile," or requiring exhaustion would cause "grave irreparable harm" that would "clearly outweigh the public policy requiring exhaustion."[7]  Because "strong public policies" favor the exhaustion rule, a party seeking to be excused from complying with it bears "a substantial burden" to prove the rule does not apply.[8]

Rivin argues the available remedies through the Faculty Code were inadequate.  An administrative remedy is patently inadequate when the administrative agency lacks any authority to make or enforce a decision

---

[5] Id. (citing S. Hollywood Hills Citizens Ass'n v. King County, 101 Wn.2d 68, 73, 677 P.2d 114 (1984)).

[6] Orion Corp. v. State, 103 Wn.2d 441, 458, 693 P.2d 1369 (1985).

[7] RCW 34.05.534(3).

[8] Presbytery of Seattle v. King County, 114 Wn.2d 320, 338, 787 P.2d 907 (1990) (citing Estate of Friedman v. Pierce County, 112 Wn.2d 68, 74, 768 P.2d 462 (1989)), abrogated on other grounds by Chong Yim v. City of Seattle, 194 Wn.2d 651, 451 P.3d 675 (2019), abrogated by Yim v. City of Seattle, 194 Wn.2d 682, 451 P.3d 694 (2019).

relevant to resolving the claim.[9]  A remedy can be adequate "even when an administrative remedy is not the precise relief sought, or will not give a litigant 'complete relief.'"[10]

In Dioxin/Organochlorine Center v. Department of Ecology, our Supreme Court affirmed dismissal of a complaint where the plaintiff did not exhaust its administrative remedies before filing a complaint in superior court.[11]  The plaintiff argued exhaustion was not required because its complaint sought declaratory and injunctive relief but the agency could not enter an injunction.[12] Because the agency could provide declaratory relief, the court concluded the plaintiff was not excused from the exhausting its administrative remedies.[13]

By contrast, in State v. Tacoma-Pierce County Multiple Listing Service, the Supreme Court held exhaustion was not required due to an inadequate remedy.[14]  The Office of the Attorney General filed antitrust claims under the Consumer Protection Act, chapter 19.86 RCW, in superior court against several real estate services, and the services moved to dismiss under the exhaustion rule because the Attorney General did not first seek relief from the agencies

---

[9] Credit Gen. Ins. Co. v. Zewdu, 82 Wn. App. 620, 626, 919 P.2d 93 (1996).

[10] Id. (quoting Dioxin/Organochlorine Ctr. v. Dep't of Ecology, 119 Wn.2d 761, 777, 837 P.2d 1007 (1992)).

[11] 119 Wn.2d 761, 769, 770-80, 837 P.2d 1007 (1992).

[12] Id. at 777.

[13] Id. at 777, 779-80.

[14] 95 Wn.2d 280, 284, 622 P.2d 1190 (1980).

that regulate real estate licenses and services.[15]  Because neither agency had the authority to hear or grant relief on a Consumer Protection Act claim, the available administrative remedies were inadequate, excusing the exhaustion requirement.[16]

Rivin primarily sought money damages and attorney fees for the alleged contractual breaches.  Section 28-54(B) of the Faculty Code states the adjudicative hearing panel "shall set forth its findings" and "shall also state specifically any action necessitated by the decision and identify the specific relief to be provided . . . including direction to the Provost or other appropriate party to take such steps as may be necessary to carry out the decision."[17]  The panel also has "the authority to recommend the award of compensation for economic relief," including attorney fees.[18]  Rivin's desired remedy was available through the administrative hearing process.  Because her desired remedy was available, unlike in Tacoma-Pierce County, the administrative remedies were adequate.[19]

---

[15] Id.

[16] Id.

[17] Clerk's Papers (CP) at 74-75.

[18] Id. at 75.

[19] See Credit Gen. Ins., 82 Wn. App. at 626 (remedies patently inadequate when agency lacks any authority to grant relief sought).  Rivin appears to contend monetary relief was not available because the hearing panel would recommend compensation, instead of awarding it directly, and because of a 90-day filing limit in the Faculty Code.  The first contention assumes, without evidence, the hearing panel's recommendation would be reversed.  It also ignores our Supreme Court's conclusion in South Hollywood

Rivin appears to argue administrative remedies were inadequate because section 28-54(B)(1) of the Faculty Code limits her ability to recover attorney fees from a successful administrative adjudication about unpaid wages. Attorney fees are available under the Faculty Code if the position of the administration "was grossly unreasonable or maintained in bad faith."[20] Other than speculation, she cites no evidence establishing attorney fees were wholly unavailable to her. An adequate administrative remedy was available, even if in a more limited form.[21] Because attorney fees were available, she fails to show her available remedies were inadequate.

To the extent Rivin refers to the strong public policy favoring recovery of attorney fees for wage and hour claims, she fails to cite any authority showing the legislature intended to supplant the APA by authorizing awards of attorney fees. Rivin fails to uphold her "substantial burden" of showing the "strong public

---

Hills Citizens Association v. King County that an administrative remedy is adequate even where styled as a "recommendation." 101 Wn.2d at 75-76. The second contention asks us either to ignore section 28-35(D) of the Faculty Code, which allows for adjudication of untimely petitions "where circumstances exist which would make it grossly unfair," CP at 59, or to assume any attempt to file a belated claim would have been unsuccessful. These arguments are not compelling. Further, assuming Adler v. Fred Lind Manor, 153 Wn.2d 331, 103 P.3d 773 (2004), and concepts of substantive unconscionability are applicable to prove an inadequate administrative remedy, the exception in section 28-35(D) allowing belated adjudication initiations runs counter to her theory.

[20] CP at 75. (Faculty Code 28-54 B(1)).

[21] Credit Gen. Ins., 82 Wn. App. at 626.

policies" favoring the exhaustion rule were changed by wage and hour statutes or should be ignored here.[22]

Rivin argues any effort to exhaust her administrative remedies would have been futile. "'The futility exception to the exhaustion rule is premised upon the rationale that courts will not require vain and useless acts.'"[23] Only in "rare factual situations" will the circumstances show efforts to exhaust administrative remedies would have been futile.[24] Subjective beliefs and speculation are insufficient to establish futility.[25]

Rivin contends her efforts would have been futile because any adjudicative panel member and the president of the university would have been financially biased, denying her due process.[26] But she provides only speculation in support, and nothing in the record supports her contentions. Rivin fails to demonstrate following the administrative process would have been futile.

---

[22] Presbytery of Seattle, 114 Wn.2d at 338.

[23] Beard v. King County, 76 Wn. App. 863, 870, 889 P.2d 501 (1995) (quoting Orion Corp., 103 Wn.2d at 458).

[24] Buechler v. Wenatchee Valley Coll., 174 Wn. App. 141, 154, 298 P.3d 110 (2013) (citing Dils v. Dep't of Labor & Indus., 51 Wn. App. 216, 219, 752 P.2d 1357 (1988)).

[25] Id. (citing Baldwin v. Sisters of Providence in Wash., Inc., 112 Wn.2d 127, 133, 769 P.2d 298 (1989); Beard, 76 Wn. App. at 871)).

[26] She also asserts her efforts would have been futile because UW could not provide the relief sought. As discussed, she is mistaken.

Rivin never began the administrative adjudication process before filing a complaint in superior court. Because she failed to exhaust her administrative remedies and no exception to the exhaustion rule applies, the superior court did not err by dismissing her complaint.[27]

Therefore, we affirm.

_____

WE CONCUR:

_____        _____

---

[27] Citizens for Mount Vernon, 133 Wn.2d at 866.